## PEERLESS COAL CO., Inc., v. STEFFEY & FINDLEY, Inc.

(Circuit Court of Appeals, Fourth Circuit. March 10, 1924.)

### No. 2195.

Evidence ☞444(4)—Parol evidence as to parol agreement adding condition to written contract held incompetent.

Where a written contract of sale, signed by plaintiff as seller and defendant as buyer, was negotiated by an agent of plaintiff, who, as defendant knew, had no authority to sign the contract, evidence of a previous parol agreement by such agent that the contract should be conditional *held* incompetent.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Action at law by the Peerless Coal Company, Incorporated, against Steffey & Findley, Incorporated. Judgment for defendant, and plaintiff brings error. Reversed.

George Ross Veazey, of Baltimore, Md. (J. Wesley McWilliams, of Philadelphia, Pa., on the brief), for plaintiff in error.

William N. McFaul, of Baltimore, Md. (C. Walter Baker, of Hagerstown, Md., on the brief), for defendant in error.

Before WOODS and ROSE, Circuit Judges, and WEBB, District Judge.

WOODS, Circuit Judge. On May 25, 1921, the Peerless Coal Company and Steffey & Findley, Incorporated, made a contract of sale in these words:

"The Peerless Coal Company agrees to sell, and Steffey & Findley, of Hagerstown, Maryland, agree to buy—

"Quantity, 10,000 net tons.

"Grade, Johnson E vein.

"Price, $3.00 per net ton, f. o. b. mines.

"Payments: Cash 15th of month for all coal shipped preceding month.

"Shipments: In equal monthly proportions and without right of cumulation.

"Term: Beginning July 1, 1921, and terminating March 31, 1922.

"Ship to as ordered.

"Route as ordered."

The sale was negotiated by one Boyle, an agent of plaintiff. He had no authority to sign the written contract consummating the sale. The authority to do that was vested exclusively in the officers of the plaintiff corporation. The defendant knew the limitation of Boyle's agency. After the execution of the written agreement of sale, the defendant desired to change the grade of coal from "Johnson E vein" to "Felix D." The plaintiff agreed to the change, and sent to defendant a prepared written contract expressing the change. This proposed substitution the defendant refused to sign, thus leaving the original contract in force. The defendant refused to accept tender of the coal, and this action was brought for damages for breach of contract. The defense was that Boyle had made a parol contract with defendant, before the written contract sued on was signed, that it should be conditional upon another purchase of "Johnson E vein" coal proving sat-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

isfactory to defendant, and that this other purchase was not satisfactory. The jury found a verdict in favor of plaintiff for one cent damages—substantially a finding that plaintiff was entitled to no damages.

The District Judge, evidently with doubt, admitted testimony of this alleged parol agreement. His view, we understand, was that the testimony was competent as showing an agreement that the written contract should not be in force until another event should take place, namely, that another purchase of "Johnson E vein" coal should prove satisfactory. Exceptions to the general rule that a written instrument cannot be affected by parol testimony are often difficult to apply. We are persuaded, however, there was error in holding that this testimony fell within any exception. "Johnson E vein" coal, expressed as the grade in the written contract, was a definite and known grade of coal. Boyle had no authority to make the written contract, and this the defendant knew. He had, therefore, no authority to cancel it or alter it. The parol negotiation was merged and consummated in the written instrument. Testimony that the plaintiff's officers had agreed to the additional stipulation that the coal should not only be "Johnson E vein," but that it should be satisfactory to the customer, would have been incompetent. For a greater reason was the evidence incompetent of such an agreement by an agent known to be acting beyond the scope of his authority. Franklin Sugar Refining Co. v. Egerton (C. C. A.) 288 Fed. 698; Williston on Contracts, vol. 2, §§ 632, 633. On the competent evidence introduced, the jury should have been instructed to find for the plaintiff the difference between the contract price and the market price of the coal.

Reversed.